**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-20364-CR-UNGARO/Torres**

**UNITED STATES OF AMERICA**

**v.**

**GUFRAN AHMED KAUSER MOHAMMED,**
   **a/k/a "Nasr,"**
   **a/k/a "AuthenticTauheed1,"**
   **a/k/a "NasrullahiKareeb,"**
   **a/k/a "NasrullahiQareeb,"**
   **a/k/a "Kauser Mohammed,"**
   **a/k/a "csitcr,"**
   **a/k/a "muwahidone1," and**
**MOHAMED HUSSEIN SAID,**
   **a/k/a "Bill,"**
   **a/k/a "Billph86,"**
   **a/k/a "Mohammed Salem bin Abdisheikh,"**
   **a/k/a "Mohamed Hussein,"**
   **a/k/a "Abdul-Rahman Abdul Rahim,"**
   **a/k/a "Tibyan,"**

                            **Defendants.**
_____/

## GOVERNMENT'S MOTION FOR CIPA § 3 PROTECTIVE ORDER

The United States of America hereby files this motion for a Protective Order pursuant to § 3 of the Classified Information Procedures Act (CIPA), Title 18, U.S.C. Appendix 3, to allow counsel for the defendants to review classified discovery. The government anticipates providing counsel for the defendants with access to discoverable material which is currently classified at the "Secret" level.[1] Thus, the government moves the Court for a CIPA §3 Protective Order which will give properly-cleared defense counsel access to classified discovery and at the same time restrict defense counsel from sharing the material itself, or its contents, with anyone other

---

[1] This material is separate and distinct from the classified material that will be the subject of the government's motion(s) pursuant to CIPA § 4.

than their own employees (who will also be required to obtain the proper clearance) who are necessary to assist in the preparation of this case.

CIPA § 3 mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is produced by the government to a defendant.  Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," United States v. Pappas, 94 F.3d 795, 801 (2nd Cir. 1996), as well as to supplement the district court's authority under Fed. R. Crim. P. 16(d)(1) to issue protective orders in connection with the discovery process.[2]  In contrast to Rule 16(d)(1)'s discretionary authority, however, CIPA § 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g., Brady and Jencks material." Id.

Undersigned counsel have conferred with defense counsel for both defendants, who have no objection to this motion or the proposed protective order.

---

[2] Rule 16(d)(1) provides, in relevant part, that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."  A Rule 16(d)(1) Protective Order has been entered in this case for sensitive, non-classified discovery.

For all of the foregoing reasons, the government is requesting that the Court issue the proposed CIPA § 3 Protective Order (attached as Attachment A) so that counsel for the defendants may review any of the classified material, if they wish to do so.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  /s/ *Brian K. Frazier*
Brian K. Frazier
Court No. A5500476
Ricardo A. Del Toro
Fla. Bar No. 597585
Assistant United States Attorneys
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9000
Fax: (305) 536-4675

Jolie F. Zimmerman
Trial Attorney, Counterterrorism Section
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-1453
Fax: (202) 514-8714

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF.


By: /s/ *Ricardo A. Del Toro*
Ricardo A. Del Toro
Assistant U.S. Attorney