UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20364-CR-UNGARO/Torres

UNITED STATES OF AMERICA

v.

GUFRAN AHMED KAUSER MOHAMMED,
  a/k/a "Nasr,"
  a/k/a "AuthenticTauheed1,"
  a/k/a "NasrullahiKareeb,"
  a/k/a "NasrullahiQareeb,"
  a/k/a "Kauser Mohammed,"
  a/k/a "csitcr,"
  a/k/a "muwahidone1," and
MOHAMED HUSSEIN SAID,
  a/k/a "Bill,"
  a/k/a "Billph86,"
  a/k/a "Mohammed Salem bin Abdisheikh,"
  a/k/a "Mohamed Hussein,"
  a/k/a "Abdul-Rahman Abdul Rahim,"
  a/k/a "Tibyan,"

                    Defendants.
_____/

## CIPA § 3 PROTECTIVE ORDER

This matter comes before the Court upon the Government's Motion for Protective Order to prevent the unauthorized use, disclosure, or dissemination of classified national security information and documents that will be reviewed by, or made available to, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act (CIPA), Title 18, U.S.C., Appendix 3; the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the

1

Protection of Classified Information (reprinted following CIPA § 9) (Security Procedures); Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and, in order to protect the national security, the Government's motion is **GRANTED**.

**IT IS HEREBY ORDERED:**

1.      The Court finds that this case will involve classified national security information, the storage, handling, and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a need-to-know.

2.      The purpose of this Protective Order (Order) is to establish the procedures that must be followed by all defense counsel of record, their designated employees, all other counsel involved in this case, translators for the defense, and all other individuals who receive access to classified information or documents in connection with this case.  This Order does not create a generalized right of access to classified information or documents, but pertains only to classified information or documents which are produced by the government in discovery, or as to which the Court orders production.

3.      The procedures set forth in this Order, CIPA, and the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801, et seq. (FISA), shall apply to all pre-trial, trial, post-trial, and appellate aspects of this case; and may be modified from time to time by further order of the Court acting under Federal Rule of Criminal Procedure 16(d), Sections 3 and 9 of CIPA, FISA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

Definitions.

4. As used in this Order, the terms "classified national security information and documents," "classified information," "classified documents," and "classified material" refer to:

A. Any classified document or information that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 13526, or any of its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or any information contained in such documents;

B. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from a United States Government classified document, information, or material, regardless of whether such document, information, or material has itself subsequently been classified by the Government pursuant to Executive Order 13526, or any of its predecessor orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET;"

C. Verbal classified information known to the defense counsel;

D. Any document or information, including verbal information, that defense counsel have been notified orally or in writing contains classified information; and

E. Any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 13526, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters.

5. The words "documents," "information," and "material" shall include but are not limited to all written or printed matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of

notation made on such copies or otherwise), and further include but are not limited to:

A.      Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, notations of any sort concerning conversations, meetings, or other communications; bulletins, teletypes, telegrams, telefacsimiles; invoices; worksheets; and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

B.      Graphic or oral records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

C.      Electronic, mechanical, or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

D.      Information acquired orally or verbally.

6.      "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

7.      "Secure Area" means a physical facility accredited for the storage, handling, and control of classified information.

8.      All classified documents or material and the information contained therein shall remain classified unless the documents or material bear a clear indication that they have been declassified by the agency or department that is the originating agency (Originating Agency) of the document, material, or information contained therein.

9.      Government Attorneys.  The Court has been advised that the Government attorneys working on this case, Assistant United States Attorneys Brian Frazier and Ricardo Del

Toro and U.S. Department of Justice Trial Attorney Jolie Zimmerman, and their respective supervisors (Government Attorneys), have the requisite security clearances to have access to the classified information that relates to this case.

10.     Protection of Classified Information.  The Court finds that, in order to protect the classified information involved in this case, only Government Attorneys, appropriately-cleared Department of Justice employees, personnel of the Originating Agency, defense counsel, employees of defense counsel, and translators employed by defense counsel, shall have access to the classified information in this case.  However, no defense counsel, defense counsel employee, or defense translator shall have any access to classified information in this case unless such person first has:

    a.     Received the necessary security clearance at the appropriate level of classification, through or confirmed by the Classified Information Security Officer (CISO);

    b.     Received permission of the Court, either through this Order (for those named or listed in paragraph 11 below) or by a separate Court order (for those not named or listed in paragraph 11 below) upon showing of a need-to-know the classified information at issue in this case ("Need to know" means helpful to the defense or essential to a fair determination of the case, as explained in Executive Order 13526.); and

    c.     Signed the Memorandum of Understanding in the form provided to defense counsel, agreeing to comply with the terms of this Order.  Defense counsel shall file originals of the executed Memoranda of Understanding (MOU) (copy attached) with the Court under seal and serve copies of such documents upon the CISO.  Defense counsel shall serve upon the Government only the MOUs that defense counsel of record execute.  The substitution,

5

departure, and removal for any reason from this case of counsel for the defendant, or anyone associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

11. <u>Defense Counsel</u>. Subject to the provisions of paragraph 10, the following attorney(s) for the defense and their approved employee(s) and translator(s) (the Defense), upon compliance with the terms of this Order, may be given access to classified information as required by the Government's discovery obligations: Helaine Batoff, Sowmya Bharathi, attorneys who have received the appropriate security clearance in the Federal Public Defender's Office, and Silvia Piñera-Vazquez. Any additional person whose assistance defense counsel reasonably requires may have access to classified information in this case only after obtaining from the Court an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information.

12. Unless they already hold an appropriate security clearance and are approved for access to classified information in this case, defense counsel, and all persons whose assistance the defense counsel reasonably requires, shall complete and submit to the CISO a Standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases, and "major case" fingerprints in order to obtain security clearances necessary for access to classified information that may be involved in this case. The CISO shall take all reasonable steps to process all security clearance applications.

The fact that one person holds an appropriate security clearance and is approved for access to classified documents or information does not give that person the authority to disclose any classified documents or information to any other individual. By way of example, but not limitation, defense counsel are not authorized to discuss or otherwise disclose classified documents or information with any defendant absent written permission of the Government.

13.     Secure Area of Review. The CISO shall arrange for an appropriately-approved Secure Area for use by the Defense. The CISO shall establish procedures to assure that the Secure Area is accessible to the Defense during normal business hours and at other times upon reasonable request as approved by the CISO in consultation with the United States Marshals Service. The Secure Area shall contain a separate working area for the Defense, and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense in this case. The CISO, in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents or other material containing classified information may be removed from the Secure Area unless authorized by the CISO. The CISO shall not reveal to the Government the content of any conversations he or she may hear among the Defense, nor reveal the nature of documents being reviewed by them, nor the work generated by them. In addition, the presence of the CISO shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client privilege.

14.     Filings with the Court. Until further order of this Court, any motion, memorandum, or other document filed by the Defense that defense counsel knows, or has reason

to believe, contains classified information in whole or in part, or any document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court through the CISO or an appropriately-cleared designee of his choosing. The date and time of physical submission to the CISO or an appropriately-cleared designee, which shall occur no later than 4 p.m., shall be considered as the date and time of court filing. The CISO shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information. If the CISO determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the CISO and placed in the public record. At the time of making a physical submission to the CISO, counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing. The CISO shall immediately deliver under seal to the Court and counsel for the Government (unless _ex parte_) any document to be filed by the Defense that contains classified information.

15.     Any document filed by the Government containing classified information shall be filed under seal with the Court through the CISO, or an appropriately-cleared designee of his choosing. The date and time of physical submission to the CISO or an appropriately-cleared designee, which shall occur no later than 4 p.m., shall be considered the date and time of court filing. The CISO shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified

information. If the CISO determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the Government that do not contain classified information shall immediately be unsealed by the CISO and placed in the public record. At the time of making a physical submission to the CISO, counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing. The CISO shall immediately deliver under seal to the Court and counsel for the Defense (unless ex parte) any document to be filed by the Government that contains classified information.

16. Sealing of Records. The CISO shall maintain a separate sealed record for those pleadings containing classified materials, and retain such record for purposes of later proceedings or appeal.

17. Access to Classified Information. The Defense shall have access to classified information only as follows:

A. Except as provided in paragraph 17(G) below, all classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the Defense, shall be stored, maintained, and used only in the Secure Area established by the CISO;

B. The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those materials. However, the Defense shall not disclose the classified

information, either directly, indirectly, or in any other manner that would disclose the existence of such, to pursue leads or in the defense of the defendant;

C.      The Defense shall not copy or reproduce any classified information in any form, except with the approval of the CISO, or in accordance with the procedures established by the CISO for the operation of the Secure Area;

D.      All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the Secure Area on approved word processing equipment, and in accordance with the procedures approved by the CISO. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, etc.) containing classified information shall be maintained in the Secure Area, unless and until the CISO determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government;

E.      The Defense shall discuss classified information only within the Secure Area or in another area authorized by the CISO, and shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument or office intercommunication system;

10

F.   The Defense shall not disclose, without prior approval of the Court, any classified information to any person not authorized pursuant to this Order, including the defendants and defense witnesses, except the Court, court personnel, and the Government Attorneys who have been identified by the CISO as having the appropriate clearances and the need-to-know that information. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the related Memorandum of Understanding, and to comply with all terms and conditions of this Order. If preparation of the Defense requires that classified information be disclosed to persons not named in this Order, then, upon approval by the Court, the CISO shall promptly seek to obtain security clearances for them at the request of defense counsel; and

G.   Certain classified information may be made available to the Defense only in space controlled by the Federal Bureau of Investigation.

18.   Procedures for the use or disclosure of classified information by the Defense shall be those provided in Sections 5, 6, and 8 of CIPA. To facilitate the Defense's filing of notices required under Section 5 of CIPA, the CISO shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information, either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pre-trial proceeding, deposition, or at trial. Nothing submitted by the Defense to the CISO pursuant to this paragraph shall be made available to counsel for the Government unless so ordered by the Court, or so designated by the Defense. Any and all items that are classified shall be listed in the defendant's CIPA Section 5 notice. To the extent that any classified information is the basis of any motion filed by the Defense, such motion shall be preceded by a CIPA Section 5 notice.

19.     Information in the public domain is ordinarily not classified. However, any confirmation, corroboration, or denial of such information that is based on classified information is subject to the provisions of CIPA. Therefore, any attempt by the Defense to elicit such a confirmation, corroboration, or denial at trial, or in connection with any pre-trial or other proceeding in this case, shall be governed by CIPA and all provisions of this Order.

20.     Violations of this Order. Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order will result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention, or negligent handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, without prior written authorization from the Originating Agency and in conformity with this Order.

21.     All classified information to which the Defense has access in this case is now and will remain the property of the Government. Defense counsel, defense counsel employees, defense translators, and anyone else who receives classified information pursuant to this Order, shall return all such classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified

12

information, upon demand of the CISO. The notes, summaries, and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of this case. At the conclusion of all proceedings, including any final appeals, all such notes, summaries, and other documents are to be destroyed by the CISO in the presence of defense counsel if they so desire.

22.    Any and all summaries and translations of classified information that may be provided by the Government to the Defense in pre-trial discovery are intended only as an aid to the Defense in its trial preparation. These documents shall not be used in any proceeding for any purpose, including cross-examination of any witness by defense counsel, unless otherwise agreed to in writing by the Government.

23.    Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA, FISA, and/or Rule 16(d) as to particular items of discovery material.

24.    A copy of this Order shall be issued forthwith to counsel for the defendants, who shall be responsible for advising the defendants and defense counsel employees, of the contents of this Order.

**DONE** and **ORDERED** in Chambers at Miami, Florida, on the _2_ day of _Dec._, 2013.

THE HONORABLE URSULA UNGARO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20364-CR-UNGARO/Torres

UNITED STATES OF AMERICA

v.

GUFRAN AHMED KAUSER MOHAMMED,
    a/k/a "Nasr,"
    a/k/a "AuthenticTauheed1,"
    a/k/a "NasrullahiKareeb,"
    a/k/a "NasrullahiQareeb,"
    a/k/a "Kauser Mohammed,"
    a/k/a "csitcr,"
    a/k/a "muwahidone1," and
MOHAMED HUSSEIN SAID,
    a/k/a "Bill,"
    a/k/a "Billph86,"
    a/k/a "Mohammed Salem bin Abdisheikh,"
    a/k/a "Mohamed Hussein,"
    a/k/a "Abdul-Rahman Abdul Rahim,"
    a/k/a "Tibyan,"

                    Defendants.
_____/

## CIPA § 3 MEMORANDUM OF UNDERSTANDING

1.    Having familiarized myself with the applicable laws, I understand that I may have already received, and may be the future recipient of, information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set forth by the United States government.

2.    I agree that I shall never divulge, publish or reveal, either by word, conduct, or any other means, such classified information and documents unless specifically authorized to do

1

so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act (CIPA), or as otherwise ordered by this Court.

3.      I understand that this Memorandum and any other non-disclosure agreement will remain binding upon me after conclusion of the trial in <u>United States v. Gufran Mohammed and Mohamed Said</u>, Case No. 13-20364-CR-UNGARO/Torres, and any subsequent proceedings, including any appeals and collateral litigation.

4.      I have received, read, and understand the terms of this Memorandum and the CIPA § 3 Protective Order entered by the United States District Court for the Southern District of Florida in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.


_____
Counsel for Defendant


_____
Date


_____
Witness Name


_____
Witness Signature

2