## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-20364-CR-UNGARO/Torres

**UNITED STATES OF AMERICA**

**v.**

**GUFRAN AHMED KAUSER MOHAMMED,**
    a/k/a "Nasr,"
    a/k/a "AuthenticTauheed1,"
    a/k/a "NasrullahiKareeb,"
    a/k/a "NasrullahiQareeb,"
    a/k/a "Kauser Mohammed,"
    a/k/a "csitcr,"
    a/k/a "muwahidone1," and
**MOHAMED HUSSEIN SAID,**
    a/k/a "Bill,"
    a/k/a "Billph86,"
    a/k/a "Mohammed Salem bin Abdisheikh,"
    a/k/a "Mohamed Hussein,"
    a/k/a "Abdul-Rahman Abdul Rahim,"
    a/k/a "Tibyan,"

               **Defendants.**

                                   /

### CIPA SECTION 4 ORDER

### UNCLASSIFIED ORDER APPROVING DELETION OF CLASSIFIED MATERIALS PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

This matter has come before the Court on the Government's Classified *In Camera, Ex Parte* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed January 6, 2013 (CIPA Motion). Having reviewed the Government's CIPA Motion and attachments, the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte, in camera*

1

inspection and consideration of the Government's motion and attachments, the Court concludes that:

1. Defendants are charged in an indictment with one count of Conspiracy To Provide Material Support to Foreign Terrorist Organizations and multiple counts of Attempting To Provide Material Support to Foreign Terrorist Organizations, in violation of 18 U.S.C. § 2339B.

2. On January 6, 2013, the United States of America, by and through its attorneys of record, moved, *ex parte*, *in camera* and under seal, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1) for authorization to "delete" from discovery certain classified materials (the Classified Materials). The Government seeks to delete the Classified Materials from discovery since, with the exception of the subset of materials referenced *infra* at ¶ 3, they are not both relevant and helpful to the defense, and because their unauthorized disclosure at this time has the potential to cause serious and, in some cases, exceptionally grave damage to national security.

3. In the CIPA Motion, the Government also sought authorization to provide a classified substitution for a subset of the Classified Materials that the Government has determined is at least arguably relevant and helpful to the defense (the Classified Subset). On March 11, 2014, this Court granted the government's motion as to the Classified Subset [DE 63].

4. Through the declarations of United States Government officials, the Government submitted with the CIPA Motion, the Government has properly invoked its classified information and national security privilege with respect to the Classified Materials.

5. The CIPA Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the classified CIPA motion and memorandum of law, declarations, and

attachments.

6.     The disclosure of the Classified Materials at this time would cause serious and, in some cases, exceptionally grave damage to the national security.

7.     The "relevant and helpful" standard adopted to CIPA Section 4 in *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (and originally articulated in *United States v. Roviaro*, 353 U.S. 53 (1975)), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege.  To this end, the Court finds that in applying the *Yunis/Roviaro* standard, none of the Classified Materials is "relevant and helpful to the defense."  This order applies to each of the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

8.     Because the Classified Materials are not both relevant and helpful to the defense, the Court need not balance the government's national security interest against the defense interest in access to the material.

Accordingly, pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1), IT IS HEREBY ORDERED that:

1.     The CIPA Motion of the United States is hereby GRANTED.

2.     The Classified Materials shall be deleted from discovery and shall not be disclosed to defendants, their counsel, or the public.

3

3. The CIPA Motion and its attachments are hereby SEALED and shall be retained in accordance with established security procedures until further order of this Court.

**DONE and ORDERED** in Chambers at Miami, Florida, on _____, 2014.

_____
THE HONORABLE URSULA UNGARO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

4