**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-20364-CR-UNGARO/Torres**

**UNITED STATES OF AMERICA**

v.

**GUFRAN AHMED KAUSER MOHAMMED,**
    a/k/a "Nasr,"
    a/k/a "AuthenticTauheed1,"
    a/k/a "NasrullahiKareeb,"
    a/k/a "NasrullahiQareeb,"
    a/k/a "Kauser Mohammed,"
    a/k/a "csitcr,"
    a/k/a "muwahidone1,"

                         **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

**GUFRAN AHMED KAUSER MOHAMMED** ("the defendant") enter into the following

agreement:

1.      The defendant agrees to plead guilty to Count 1 of the Indictment, which charges

the defendant with conspiring to provide material support and resources to a Foreign Terrorist

Organization, in violation of Title 18, United States Code, Section 2339B(a)(1).

2.      This Office agrees to seek dismissal of Counts 2 through 15 of the Indictment as to

the defendant at the time of sentencing.

3.      The defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements ("the Sentencing

Guidelines"). The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to fifteen (15) years, followed by a term of supervised release of not more than five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.   The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by both the defendant and the government.

8.      This Office and the defendant agree that, although not binding on the probation office or the Court, this Office will recommend that the Court sentence the defendant to the statutory maximum term of fifteen (15) years' imprisonment to be followed by a five (5) year term of supervise release, for the violation in Count 1 of the Indictment.   This Office and the defendant further agree, again without binding the probation office or the Court, that the defendant will reserve the right to argue for a downward variance at sentencing and that this Office will reserve

the right to argue against any such variance and in favor of the maximum terms of imprisonment and supervised release. The parties stipulate to the applicability of the terrorism enhancement under Section 3A1.4 of the Sentencing Guidelines to any sentence in this case.

9. The defendant is aware that Title 18, United States Code, Section 3742, and Title 28, United States Code, Section 1291, afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b), and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

10. This Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph 1, above. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this

Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order in addition to the discovery already turned over to the defendant. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

11.    The defendant further agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 18, United States Code, Section 981(a)(1)(G), voluntarily and immediately, all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2339B(a)(1), and all assets, foreign or domestic—(i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government.

5

12. The defendant agrees that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), or Title 18, United States Code, Section 981(a)(1)(G), or both:

    a. the $2,062.55 involved in the violation on or about June 7, 2011;

    b. the $799.97 involved in the violation on or about June 12, 2011;

    c. the $2,182.55 involved in the violation on or about July 9, 2011;

    d. the $746.60 involved in the violation on or about July 13, 2011;

    e. the $2,941.09 involved in the violation on or about August 10, 2011;

    f. the $1,926.35 involved in the violation on or about August 28, 2011;

    g. the $1,013.09 involved in the violation on or about September 13, 2011;

    h. the $1,266.56 involved in the violation on or about May 12, 2012;

    i. the $1,637.07 involved in the violation on or about June 6, 2012;

    j. the $1,626.49 involved in the violation on or about July 3, 2012;

    k. the $1,493.17 involved in the violation on or about August 1, 2012;

    l. the $1,433.14 involved in the violation on or about September 12, 2012;

    m. the $1,493.21 involved in the violation on or about October 5, 2012;

    n. the $1,493.09 involved in the violation on or about November 4, 2012;

    o. the 14,400SAR (Saudi Arabian riyals) and one (1) gold bar weighing 100 grams involved in the violation on or about December 15, 2012; and

    p. the one (1) $400.00 VISA gift card acquired by the Federal Bureau of Investigation on or about September 13, 2012 (collectively "the described property").

13. The defendant knowingly and voluntarily waives any right to a jury trial or any other adversarial proceeding regarding the described property and waives any notification about

forfeiture proceedings, whether administrative or judicial as to the described property. Defendant further waives any statute of limitations with respect to the commencement of forfeiture proceedings, whether administrative or judicial as to the described property. Defendant also waives any defenses to the forfeiture including any claim of excessive fine or penalty under the Eighth Amendment.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/11/14

By: _____ *FOR:*
BRIAN K. FRAZIER
ASSISTANT UNITED STATES ATTORNEY

Date: 7/11/14

_____
HELAINE BATOFF, ESQ.
ATTORNEY FOR DEFENDANT

Date: 7/11/14

_____
GUFRAN AHMED KAUSER MOHAMMED
DEFENDANT